# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

W.L. JONES,

     Plaintiff,

v.

D.K. SISTO, et al,

     Defendants.

Case No. 2:08-CV-01382-LDG

**ORDER**

     Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42. U.S.C. § 1983. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *Id*. § 1915A(a). The court must dismiss the complaint or portion thereof if it is frivolous, malicious or fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1),(2).

     A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inarticulately pleaded, has an arguable legal and factual basis. *See Jackson v. Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

     A complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). However, a complaint must contain more than a "formalistic recitation of the elements of a cause of action;" that is, "factual allegations must be

enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

      The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Shah v. Cnty. of L.A.*, 797 F.2d 743 (9th Cir. 1986).

      In this case, Plaintiff's Complaint fails to state a cognizable claim. A claim under § 1983 requires an actual connection or link between the conduct of the defendant and the alleged unconstitutional deprivation. *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). When a defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Faye v. Stapely*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert denied*, 442 U.S. 941 (1979). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).Warden Sisto is the only named defendant specifically identified as attempting to place the plaintiff "in danger." Although it may be possible to read the complaint as providing an actual link between Calvo's actions and the blanket identification of "prison officials who attempted to place [Plaintiff] in danger," Plaintiff's vague and conclusory allegations are

2

1  insufficient to allege a violation. *Ivey*, 673 F.2d at 268. Accordingly, the allegations are not

2  sufficient to show the defendants committed the conduct at issue.

3       Even if Plaintiff's Complaint established an actual connection or link, the Complaint fails

4  to state a claim upon which relief can be granted. California Penal Code § 147 is a criminal statute.

5  Courts rarely imply a private right of action under a criminal statute, and where a court has done so

6  "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in

7  favor of someone." *Chrysler Corp v. Brown*, 441 U.S. 281, 316 (U.S. 1979) (quoting *Court v. Ash*,

8  422 U.S. 66, 79 (1975)). This provision of the California Penal Code does not create a private

9  cause of action. *See, e.g.*, *Young v. Visalia*, 987 F. Supp. 2d 1155, 1167 (E.D. Cal. 2010) (finding

10  no case that has allowed California Penal Code § 147 to form the basis of a civil lawsuit).

11  Additionally, 42 U.S.C. § 1983 does not provide a cause of action for violations of state law.

12  *Lovell by & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

13  Plaintiff does not provide an alternative basis for inferring that California Penal Code § 147

14  implies a private right of action. Plaintiff appears to suggest that because § 147 creates criminal

15  liability, civil liability is necessarily implied. This assertion is inaccurate. *Chrysler Corp*, 441 U.S.

16  at 316; *Young*, 987 F. Supp. 2d at 1167.

17       Plaintiff's second claim regarding cruel and unusual punishment does not rise to the level

18  of a constitutional violation. "After incarceration, only the unnecessary and wanton infliction of

19  pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Wilson v.*

20  *Seiter*, 501 U.S. 294, 298 (1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Plaintiff

21  does not claim that pain was inflicted, much less that it was done unnecessarily or wantonly.

22  Plaintiff simply asserts that the Warden and other prison officials attempted to place him in

23  danger. As such, Plaintiff's claim fails to assert a necessary element of an Eighth Amendment

24  violation.

25       Accordingly,

26

3

THE COURT HEREBY ORDERS that Plaintiff's Complaint (#1) is dismissed.

THE COURT FURTHER ORDERS that Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in dismissal.

DATED this ____9____ day of June, 2011.

_____
Lloyd D. George
United States District Judge

4